†W. T. COPE AND ISAAC B. CAMERON V. ELIHU J. FARMER ET AL.

1. RESIDUUM OF ESTATE MUST BE DIVIDED ACCORDING TO INTENTION OF TESTATOR.

In dividing the *residuum* of an estate among the residuary legatees, that manner of division should be adopted which will best carry out the evident intention of the testator.

2. DISTRIBUTION TO RESIDUARY LEGATEES.

If four residuary legatees are named, but stated amounts are to be deducted from each, being prior advancements, and the shares are not all large enough to make the deductions, the share of the one who has received the least will be made equal to the next, then these two to the next, and so on.

APPEAL from the Court of Common Pleas of Cuyahoga county.

BALDWIN, J. (orally.)

The case of William T. Cope and others, executors, against E. J. Farmer and others is before us to obtain construction of the will of James Farmer, and direction as to what they should do under it, but it also sets forth a certain contract which is claimed to have been made among the heirs who are interested in the clause of the will in dispute; and the plaintiffs ask to whom under the will and the contract—if the contract is different from the will—they are to pay a sum of over $100,000 on division among the legatees entitled.

The clause of the will which is in contest is the ninth, providing for the division of the residuum of the estate, taking into account certain advancements. It reads:

"Item Ninth: All the rest and residue of my property and estate of every kind, character and description, or wheresoever situate, I give, devise, and bequeath to my children, who are named as follows: My son, Elihu J. Farmer, my daughters, Beulah R., wife of Warrick Price, Ellen F., wife of William B. Price, and Lydia E. F., wife of John V. Painter, to be divided between them as follows, that is to say, said property and estate, or the proceeds thereof, shall be divided into seventeen (17) equal shares, of which my son Elihu J., is to have five (5), my daughter, Beulah R., four (4), my daughter Ellen F., four (4), and my daughter, Lydia E. F., four (4) shares. If any of my said children shall die before my decease, leaving children then living, such child or children shall take the share of my property which such deceased child would have taken if living at my decease; to have and to hold the said share of my estate to my said children or their children as hereinbefore provided forever, absolutely, saving and excepting that there shall be deducted from the share of my son, Elihu J., or from his children's share, in the event that he shall die before my decease, the sum of seventy thousand dollars ($70,000), in consideration that he has already had and received from me that amount as an advancement; and there shall in like manner be deducted and reserved from the share of my daughter, Beulah R. Price, forty thousand dollars ($40,000), and in like manner from the share of Lydia E. F. Painter, the sum of ten thousand dollars ($10,000), and in like manner from the share of Ellen F. Price, the sum of nineteen thousand dollars ($19,000), in consideration that they have respectively received said amounts from me as advancements."

Now, it is said that the whole amount of the residue is $101,000, and that you cannot deduct $70,000 from the share of E. J. Farmer, as his share would only be five-seventeenths of that amount, and that you cannot make the other like de-

---

†This judgment was affirmed by the Supreme Court, January 26, 1897; without report, 55 O. S., 695.

ductions; and that this part of the will is therefore impossible of execution; is void because it cannot be carried out, and in the situation of the estate means nothing. We do not think so. It is evident that the testator was not certain what would be the amount of the residue of the estate; and we think it is as evident that what he substantially intended was that in the distribution of this residue, be it more or less, it should be remembered that his son, E. J., for instance, had had $70,000; that that amount should be charged to him, as in the will it was charged to him as an advancement, and that nothing was to be paid him till the shares of the others should have come up to $56,000 each, which would correspond with the comparative shares which the daughters and himself were to have. We see no trouble in understanding what was meant by the testator. The mode in which the figures are made, whether this figure or that was to be set down first, is of no consequence. The substance is easily reached. In regard to this purely technical point that you cannot deduct $70,000 from the share of E. J. Farmer—if the residue had been $500,000, this clause, which at present is claimed to be unintelligible and impracticable, it is admitted, would be entirely practicable and perfectly intelligible. We think that the residue being only $101,000, instead of a larger amount, does not change at all the evident intention of the testator. It seems absurd to think that the testator intends that as the estate diminished the amount to be withdrawn by E. J. Farmer should actually increase. The division should be made between these children on certain equitable principles which the testator has laid down. We see no trouble in doing this. The shares of the one who has received least should be made to equal the next, then these two the next, and so on, taking into account the advancements as stated. The evident intention of the testator would then prevail.

The legatees, after this will had been made, made a contract between themselves. They desired certain property to be given them in advance of the general distribution, as recited in the contract, and they agreed between themselves that such a practical construction should be given to the will as we have already indicated, giving each the share of the money we have found them entitled to.

It is said that the court has no jurisdiction to give any construction on a petition of the executors to a contract made subsequently to the will between the heirs; that although plaintiffs may come to us under the statute for instruction in regard to the provisions in the will as to whom they shall pay the money, that they are not entitled to come to us under that statute for the direction in regard to the contract. In our minds it makes no difference whether we have jurisdiction of the contract or not. We have already given to the will the precise construction which was given to it by the heirs in that contract, and there we stop. It is unnecessary to go farther. The contract makes no change in the construction of the will which we have given. If the construction had been given to the will which was claimed by the defendant, E. J. Farmer, then this contract would have changed what was otherwise to have been paid to the several parties. But we think the residuary legatees were thoroughly right in point of law in the construction they themselves gave to that will.

The decree may be in conformity with the opinion of the court.

*Ong & Hamilton*, for plaintiffs.

*E. Sowers*, for defendant, E. J. Farmer.

*H. C. Ranney; Squire, Sanders & Dempsey*, and *Burton & Dake*, for other defendants.